**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**ROBERT H. ROBINSON, JR.**
**JUDGE**

Sussex County Courthouse
1 The Circle, Suite 2
Georgetown, DE 19947
Telephone: (302) 856-5264

Submitted: August 11, 2022
Decided: November 14, 2022

Sean A. Meluney, Esquire
William M. Alleman, Jr., Esquire
Meluney Alleman & Spence, LLC
1143 Savannah Road, Suite 3-A
Lewes, DE 19958
Attorneys for Plaintiff

Periann Doko, Esquire
Kent & McBride, P.C.
405 Silverside Road, Suite 202
Wilmington, DE 19809
Attorney for Defendant

Joshua G. Ferguson, Esquire
Freeman Mathis & Gary, LLP
1600 Market Street, Suite 1210
Philadelphia, PA 19103
Attorney *pro hac vice* for Defendant

Re: *Aspira Health, LLC v. Virtual OfficeWare (DE), LLC; d/b/a Virtual OfficeWare Healthcare Solutions*
C.A. No.: S22C-05-015 RHR

Dear Counsel:

Defendant, Virtual OfficeWare (DE), LLC's ("VOW"), filed a Motion to Dismiss for Lack of Venue pursuant to Superior Court Civil Rule 12(b)(3) (the "Motion") arguing that a forum selection clause allegedly incorporated into an agreement between the parties requires that any litigation be conducted in a Massachusetts court. For the following reasons, VOW's Motion is **DENIED.**

## A. Background

VOW is a Delaware limited liability company based in Pittsburgh, Pennsylvania that provides medical billing and revenue cycle management services to its clients.[1] Plaintiff, Aspira Health, LLC ("Aspira"), is a Delaware limited liability company that provides healthcare services to its patients and is headquartered in Lewes, Delaware.[2] Relevant to this litigation is a non-party software provider located in Watertown, Massachusetts, Athenahealth, Inc. ("Athena").[3] Athena authorized VOW to utilize its software platform, athenaNet, in its ordinary course of business to provide services to its clients.[4]

VOW entered into four contracts, titled "service proposals," with Aspira between September 10, 2020 and October 5, 2021.[5] The service proposals define the work that VOW would complete for Aspira and the fee obligations.[6] Unfortunately, the four service proposals are very brief and do not contain many terms and conditions that one would expect to find in business contracts.

The first service proposal, dated September 10, 2020 (the "First Contract"), consists of four pages, and is signed by representatives of VOW and Aspira. The

---

[1] Pl. Compl. ¶ 14 (D.I. 1) (hereinafter "Compl.").
[2] Compl. ¶¶ 2, 13.
[3] Opp'n to Def.'s Mot. to Dismiss ¶¶ 4-5 (D.I. 15) (hereinafter "Pl.'s Opp'n"); Compl. Ex. 1.
[4] Pl.'s Opp'n ¶¶ 4-5; Compl. Ex. 1.
[5] Compl. ¶¶ 22-33.
[6] *Id.*

title page includes the following statement: "This proposal upon acceptance by Aspira Health LLC will become effective as a binding agreement and form part of the Athena Services Agreement." However, the First Contract does not define what constitutes the "Athena Services Agreement" and there are no references to any other documents in the First Contract.

Notwithstanding, several documents are apparently attached to the First Contract. First, there is an Addendum A titled "Athena Services Agreement— Managed Entity" that is executed by VOW and Aspira, but not Athena, even though there is a signature block for Athena.[7] Addendum A does not explicitly reference the First Contract, although there are references to a "Master Agreement" dated March 25, 2020 between VOW and Athena and an "Athena 'Proposal' #Q-69930-1." Neither of these referenced documents have been provided and it is not clear how they relate to the First Contract, if at all. Second, there is an Addendum B titled "Terms and Conditions of Athena Services." Addendum B defines the parties (Aspira, VOW, and Athena) and includes fourteen sections of terms and conditions, and an Exhibit A.[8] Section 12 of Addendum B ("Section 12") contains the forum selection language that is the basis of VOW's Motion.[9]

---

[7] The document explicitly states the agreement will become binding upon the countersignature by Athena. It is not clear at this point in the proceedings whether Athena signed this document.
[8] Compl. Ex. 1.
[9] *See id.* Section 12 reads as follows:
    Choice of Law; Forum.

In early 2022, Aspira suspected that VOW was mismanaging Aspira's accounts by failing to collect revenues, improperly coding claims, and erroneously credentialing or completely failing to credential Aspira's doctors.[10] According to the Complaint, Aspira's investigation revealed that VOW had failed to collect hundreds of thousands of dollars from Aspira patients, unilaterally wrote-off outstanding accounts receivable claims, and did not provide any coding audits as required under the First Contract.[11]

On March 15, 2022, Aspira alerted VOW that it was terminating the parties' contracts. Significantly, the termination letter from Aspira referenced Section 3 of the Addendum B.[12] Aspira later filed its Complaint with this court on May 9, 2022.[13] The Complaint alleges that VOW breached each of the four contracts and was negligent by failing to properly work and collect on Aspira's accounts.[14] Additionally, Aspira claims VOW made material misrepresentations and omissions to induce Aspira into entering subsequent service contracts.[15] VOW filed this Motion

---

This Services Agreement and any Dispute, including any conduct related to this Services Agreement following termination hereof will be governed exclusively by the laws of the Commonwealth of Massachusetts, without regard to its conflicts with law principles. The Federal District Court for the District of Massachusetts will be the exclusive venue for any resolution of any Dispute. The Parties hereby submit to and consent irrevocably to the jurisdiction of such courts for these purposes. The Parties hereby irrevocably waive any and all right to trial by jury in any legal proceeding arising out of any Dispute.

[10] Compl. ¶ 4.
[11] Compl. ¶ 6.
[12] Def.'s Mot. to Dismiss for Lack of Venue Ex. 1.
[13] *See* Compl.
[14] *Id.* ¶ 1.
[15] *Id.* ¶ 62.

on July 8, 2022.[16]

### B. The Parties' Contentions

VOW contends that all the terms and conditions found in Addendum B, including Section 12, are incorporated by reference into the First Contract and are enforceable against the parties.[17] VOW asserts that Section 12 is a binding forum selection clause for any disputes between the parties.[18] Additionally, VOW claims that Aspira acknowledged that all of the terms and conditions in Addendum B were binding on the parties because it referenced Section 3 of Addendum B in its notice to terminate services on March 15, 2022.[19]

Aspira contends Section 12 applies only to disputes that arise between Aspira and Athena.[20] Aspira maintains that Addendum B governs Aspira's use of Athena's software platform and that VOW is an agent of Aspira.[21] Aspira argues that Athena is not a party to the instant dispute and, therefore, the forum selection clause does not apply to the claims in its Complaint.[22] Also, Aspira points out that even if the venue provision is found to be part of the First Contract, the second, third, and fourth

---

[16] *See* Def.'s Mot. to Dismiss for Lack of Venue (hereinafter "Def.'s MTD").
[17] *Id.* at 4-5.
[18] Def.'s MTD at 2.
[19] *Id.* at 5.
[20] Pl.'s Opp'n ¶¶ 1-2.
[21] *Id.* ¶ 4.
[22] *Id.* ¶¶ 1,4.

service proposals (the bases of the breach of contract claims in counts II through IV of the Complaint) between VOW and Aspira are silent as to venue.

## C. Standard of Review

Superior Court Civil Rule 12(b)(3) governs a motion to dismiss for improper venue.[23] When ruling on a motion to dismiss, the court is not to resolve issues of material fact or decide the merits of the case but should rather test the sufficiency of the complaint.[24] In its review, the court is to assume as true all the well-pleaded facts in the complaint and view those facts and all inferences drawn from them in the light most favorable to the plaintiff.[25] The court should "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[26] The court can "grant a dismissal motion before commencement of discovery on the basis of affidavits and documentary evidence if the plaintiff cannot make out a *prima facie* case in support of its position."[27] In doing so, the court "is not shackled to the plaintiff's complaint and is permitted to consider extrinsic evidence."[28]

---

[23] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Ct. Mar. 31, 2009).

[24] *Id.* (citing *Belfint, Lyons, and Shuman v. Potts Welding & Boiler Repair, Co., Inc.*, 2006 WL 2788188, at *2 (Del. Super. Ct. Aug. 28, 2006)).

[25] *Id.* (citing *Anglo American Sec. Fund, L.P. v. S.R. Global Intern. Fund, L.P.*, 829 A.2d 143, 148-49 (Del. Ch. Aug. 4, 2003)).

[26] *Id.* (quoting *Halpern Eye Assoc., P.A. v. E.A. Crowell & Assoc., Inc.*, 2007 WL 3231617, at *1 (Del. Com. Pl. Sept. 18, 2007) (citation omitted)).

[27] *Id.* (citing *Simon v. Navellier Series Fund*, 2000 WL 1597890, at *4 (Del. Ch. Oct. 19, 2000)).

[28] *Id.* (quoting *Halpern Eye Assoc.*, 2007 WL 3231617, at *1 (Del. Com. Pl. Sept. 18, 2007) (citation and internal quotations omitted)).

D. Discussion

I note at the outset that the service proposals and the various attachments are confusing and poorly drafted. Considering the amount of money that is covered by the service proposals, one would think that the parties would have created clearer and more comprehensive contracts. The four service proposals are not much more than a sales pitch with only cursory terms. To further complicate matters, the four service proposals and the attachments to them have different headings, contain conflicting language, and reference or incorporate documents that either do not exist or are not attached.

Delaware courts typically "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[29] Notwithstanding, this court has also held "absent clear language, a court will not interpret a forum selection clause to indicate the parties intended to make jurisdiction exclusive."[30] In other words, where a forum selection clause is not clear in its attempt to establish an exclusive jurisdiction, the court will not attempt to surmise terms in the contract by reading them any way other than

---

[29] *Loveman*, 2009 WL 847655 at *3 (Del. Super. Ct. Mar. 31, 2009) (quoting *Prestancia Mgmt. Grp., Inc. v. Virginia Heritage Found., II LLC*, 2005 WL 1364616, at *7 (Del. Ch. May 27, 2005)).
[30] *Eisenbud v. Omintech Corp. Sol., Inc.*, 1996 WL 162245, at *1 (Del. Ch. Mar. 21, 1996) (citations omitted).

7

through the court's objective lens.[31] The various proposals, contracts, and addendums in the present matter are more confusing than clear.

VOW asks me to dismiss the Complaint based on language in an addendum that is not explicitly referenced in the First Contract, or any of the other service proposals. While it is "axiomatic that a contract may incorporate by reference provisions contained in some other instrument," that incorporation will only be recognized if the parties "expressed an 'explicit manifestation of intent' to incorporate one document into another."[32] Here, I can find no such explicit intent. Section 12 is contained in Addendum B, which in turn is attached to the first of four service proposals between Aspira and VOW. None of the four service proposals mention venue, and there is only a passing reference on the title page of the First Contract that it is part of a general "Athena Services Agreement," without any further explanation or clarification.

Other aspects of the documents add to the uncertainty of what the parties intended. For example, it does not appear that Athena executed any of the documents, even though several of the documents contain signature lines for Athena. It is not clear what the relationship is between Athena and VOW. Addendum B that

---

[31] *See id.* (illustrating where this court held that the plain language in the forum selection clause did not exclusively restrict the forum to a single jurisdiction for the parties to resolve their disputes).

[32] *McDonald's Corp. v. Easterbrook*, 2021 WL 351967, at *4 (Del. Ch. Feb. 2, 2021) (citations omitted).

contains the venue provision appears to govern the relationship between VOW, who uses Athena software, and Athena. Athena is located in Massachusetts, so the venue clause would appear to be for the benefit of Athena, a non-party to this litigation. Also, the various exhibits to the Complaint reference other documents and attachments that have not been submitted to this court and may not exist.

Again, the function of the court at this stage is to determine whether Aspira has established a *prima facie* case in support of its position. Drawing all reasonable inferences in favor of Aspira through the well-pleaded facts in its Complaint, I find it has done so. Aspira asserts—and VOW does not dispute—that the four service proposals have been fully executed. Aspira pleads facts that VOW—not Athena— was in breach of those contracts, was negligent in performing its obligations under the contracts, and misrepresented and fraudulently induced Aspira into assenting to subsequent service contracts. Aspira claims it was injured by VOW's alleged breach, negligence, misrepresentation, and fraudulent concealment. Taking all of this into consideration, I find that VOW has not met its burden to warrant dismissal of this action for lack of venue. Therefore, VOW's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Sincerely,

*/s/ Robert H. Robinson, Jr.*
Judge

cc:    All counsel of record (by File & ServeXpress)

9